**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ANATOLIY ANDREYUK and JOSE**
**FELLIPPELLI,**

**Case No.: 19-cv-07476 (AEK)**

**Plaintiffs,**

**- against -**

**ASF CONSTRUCTION & EXCAVATION**
**CORP. and ANDRE FERNANDEZ,**

**Defendants.**

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Respectfully submitted,

Saul D. Zabell, Esq.
Zabell & Collotta, P.C.
Attorney for Defendants
1 Corporate Drive, Suite 103
Bohemia, New York 11716
(631) 589-7242
szabell@laborlawsny.com

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ................................................................. 3

II.  STATEMENT OF FACTS ..................................................................... 4

III. STANDARD OF REVIEW ..................................................................... 4

IV. ARGUMENT ......................................................................................... 5

   A.  Plaintiff Andreyuk is Exempt from the Minimum Wage and Overtime Requirements of the FLSA and NYLL ............................................... 5

   B.  Plaintiff Andreyuk's Wage Notice Claim must be Dismissed........................................ 9

   C.  Plaintiff Andreyuk's Claim for Failure to Pay Wages must be Dismissed................. 10

   D.  Plaintiff Fellippelli's Overtime, Minimum Wage, and Unpaid Wage Claims must be Dismissed........................................................................... 10

   E.  Plaintiff Fellippelli's Wage Notice Claim must be Dismissed ...................................... 13

V.   CONCLUSION ...................................................................................... 13

# TABLE OF AUTHORITIES

**Federal Cases**

*Bickerstaff v. Vassar Coll.,*
  196 F.3d 435 (2d Cir. 1999) ................................................................................ 5

*Konikoff v. Prudential Ins. Co. of Am.,*
  234 F.3d 92 (2d Cir. 2000) ................................................................................... 4

*Reiseck v. Universal Commc'ns of Miami, Inc.,*
  591 F.3d 101, 105 (2d Cir. 2010) ....................................................................... 5

*St. Pierre v. Dyer,*
  208 F.3d 394 (2d Cir. 2000) ................................................................................ 4

*Weinstock v. Columbia Univ.,*
  224 F.3d 33 (2d Cir. 2000) .................................................................................. 4

**Federal Statutes**

29 U.S.C. §§ 206, § 207(a)(1) ................................................................................. 5

§ 195 ......................................................................................................................... 9

§ 198 ......................................................................................................................... 9

§ 207(a)(1) ............................................................................................................... 5

**Rules**

Fed. R. Civ. P. 56 ..................................................................................................... 4

**Other**

*N.Y. Comp. Codes R. & Regs. tit. 12,*
  § 142-2.2 .............................................................................................................. 5

12 NYCRR 142-2.2 .................................................................................................. 5

29 C.F.R. § 541.102 ................................................................................................. 7

29 C.F.R. § 541.700 ................................................................................................. 7

## I. **PRELIMINARY STATEMENT**

Defendants, ASF Construction & Excavation Corp. ("Defendant ASF") and Andre Fernandez ("Defendant Fernandez") ("Defendants"), by and through their counsel, Zabell & Collotta, P.C., respectfully submit this Memorandum of Law in support of their motion, brought pursuant to Fed. R. Civ. P. 56(a), seeking summary judgment on each of Plaintiffs' claims arising under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL")[1].

Plaintiff Andreyuk's claims must be dismissed because he was, at all relevant times, a *bonafide* executive employee who was exempt from the minimum wage and overtime requirements of the FLSA and NYLL. As Defendant ASF's yard supervisor, Plaintiff Andreyuk managed and oversaw a distinct subdivision of the business. Consistent with his position, Plaintiff Andreyuk was paid a handsome salary and enjoyed benefits unique to his station – rent-free housing and a company vehicle. Plaintiff Andreyuk managed the employees in his department and directed their work on a day-to-day basis. Consequently, Plaintiff Andreyuk was exempt from the minimum wage and overtime requirements of the FLSA and NYLL. Dismissal of all claims is warranted.

Plaintiff Fellippelli's claims must too be dismissed. The undisputed factual record proves that he received complete and timely payment for all hours worked. Plaintiff Fellippelli was a non-exempt employee who received minimum and overtime wages for all hours worked. Plaintiff Fellippelli was generally compensated by check. However, at his request, he occasionally received cash payments – a fact conceded in his Response to Defendants' Notice to Admit. Regardless of

---

[1] We note that while Plaintiff Jose Fellippelli has been terminated from this action upon substitution for his estate, throughout the memorandum, we refer to the claims maintained by his estate as the claims of Plaintiff Fellippelli or some other derivative thereof.

the form of payment, Plaintiff Fellippelli ultimately received all wages to which he was entitled. As such, his claims brought under the FLSA and NYLL must be dismissed.

Plaintiffs fail to present any evidence that would otherwise rebut Defendants' defenses. Accordingly, Defendants' Motion for Summary Judgment must be granted in its entirety.

## II.  **STATEMENT OF FACTS**

Defendants respectfully refer the Court to their Statement of Undisputed Facts made pursuant to Rule 56.1 of the Federal Rules of Civil Procedure for a complete restatement of the facts and circumstances upon which Defendants rely.[2]

## III.  **STANDARD OF REVIEW**

Fed. R. Civ. P. 56 provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits … show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law[,]' [while] [a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the nonmovant must 'set forth specific facts showing that there is a genuine issue for trial.'" *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). The non-moving party may not "rest upon … mere allegations or denials." *St. Pierre v. Dyer*, 208 F.3d 394, 404 (2d Cir. 2000). "Statements that are devoid of any specifics, but replete

---

[2] Reference to Defendants' Rule 56.1 statement shall be designated as "D56 ¶", followed by the paragraph number.

with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999), *cert. denied*, 530 U.S. 1242 (2000).

## IV.  ARGUMENT

### A. Plaintiff Andreyuk is Exempt from the Minimum Wage and Overtime Requirements of the FLSA and NYLL

The FLSA § 207(a)(1) and 12 NYCRR 142-2.2 require qualifying employers to compensate employees for hours worked in excess of forty hours per work week at a rate not less than one-and-one-half times the regular rate of pay subject to certain exemptions. 29 U.S.C. §§ 206(a)(1), § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. Exemptions to the FLSA overtime requirement are considered to be affirmative defenses, the burden of proving that an employee is exempt rests on the employer. *Bilyou v. Dutchess Beer Distributors, Inc.*, 300 F.3d 217, 222 (2d Cir. 2002) ("The burden of invoking these exemptions rests upon the employer.") (*citing Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 394 n.1, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960)). In addition, "the exemptions to the FLSA are 'narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit.'" *Id.* (*quoting Ben Kanowsky, Inc.*, 361 U.S. at 392, 80 S.Ct. 453). Federal courts apply the same standards to interpreting the exemptions under the FLSA as they do to the exemptions under the NYLL. *See, e.g., Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010) ("The NYLL, too, mandates overtime pay and applies the same exemptions as the FLSA.") (*quoting* N.Y. Comp. Codes R. & Regs., tit. 12, § 142-3.2); *Scott v. SSP Am., Inc.*, No. 09-CV-4399 (RRM)(VVP), 2011 U.S. Dist. LEXIS 32819, at *18 n.7 (E.D.N.Y. Mar. 29, 2011) ("Because New York's overtime provisions mirror and/or expressly adopt federal wage law . . . federal courts evaluate New York's executive exemption by reference to the Fair Labor

Standards Act of 1938, 29 U.S.C. §§ 201 et seq., and its attendant regulations, set forth in the Code of Federal Regulations.").

Here, Defendants maintain that Plaintiff Andreyuk was a *bonafide* executive employee exempt from the overtime provisions of the FLSA and NYLL. The Second Circuit has long recognized *bonafide* executive employee is any employee:

> "(1) Compensated on a salary basis at a rate of not less than $455 per week[3] . . . , exclusive of board, lodging or other facilities; (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) Who customarily and regularly directs the work of two or more other employees; and (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight."

*Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 559-60 (2d Cir. 2012). The undisputed evidentiary record establishes that Plaintiff Andreyuk was at all times exempt from the overtime requirements of the FLSA and NYLL.

First, at all times during his employment, Plaintiff Andreyuk was compensated on a salary basis at a rate of not less than $900.00 per week. D56 ¶ 27. This fact is not in dispute. From his hire on or about July 23, 2016, through November 7, 2018, Plaintiff Andreyuk was paid a weekly salary of $960.00. D56 ¶ 28. From November 8, 2018 through his termination on or about March 22, 2019, Plaintiff Andreyuk was paid a weekly salary of $1,080.00. D56 ¶ 29. Therefore, it cannot be disputed that Plaintiff Andreyuk was paid in an amount that at all times exceeded the basic salary threshold for the executive exemption under the FLSA and NYLL.

---

[3] For the purposes of the NYLL, the minimum salary for *bonafide* executive employees employed in Westchester County in 2019 was $900.00 per week.

Plaintiff Andreyuk's primary duties were the management of a recognized department and/or subdivision of Defendant ASF. The relevant regulations defines "management" as:

> "activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; . . . providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures."

29 C.F.R. § 541.102. The regulations define "primary duty" as "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). To determine whether a plaintiff's performance of management activities constitutes their primary duty, a court must consider "the character of an employee's job as a whole," and in particular, the following factors: "'(i) the relative importance of the exempt duties as compared with other types of duties; (ii) the amount of time spent performing exempt work; (iii) the employee's relative freedom from direct supervision; and (iv) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Mullins v. City of New York*, 653 F.3d 104, 107 (2d Cir. 2011).

Here, Plaintiff Andreyuk was responsible for the management of the yard operated and maintained by Defendant ASF. D56 ¶ 13 – 14. Plaintiff Andreyuk was charged with overseeing the management of material storage and equipment at the yard located at located at 37 Roa Hook Rd., Cortlandt Manor, New York. D56 ¶ 15. Plaintiff Andreyuk was responsible for ensuring Defendant ASF's trucks were loaded and unloaded on a daily basis. D56 ¶ 16. Plaintiff Andreyuk was responsible for ensuring that the yard was appropriately staffed. In connection with those core

responsibilities, Plaintiff Andreyuk directed the schedules and duties of the workers he supervised. D56 ¶ 19. Additionally, when necessary, Plaintiff Andreyuk corrected and counseled employees in the performance of their assigned work. D56 ¶ 21. Plaintiff Andreyuk also advised Defendant Fernandez if additional employees were required. D56 ¶ 25. Similarly, Plaintiff Andreyuk recommended the termination of employees or even had the authority to terminate them himself. D56 ¶ 22 – 23. Accordingly, it cannot reasonably be disputed that Plaintiff Andreyuk's primary responsibility was the management of Defendant ASF's yard.

The undisputed evidence also establishes the third and fourth elements of the governing executive exemption. Plaintiff Andreyuk customarily and regularly directed the work of two or more employees. D56 ¶ 18. As Defendant ASF's yard supervisor, Plaintiff Andreyuk supervised as many as eight (8) employees at a given time. D56 ¶18. Moreover, Plaintiff Andreyuk's suggestions and recommendations as to the hiring and firing of employees who worked in the yard were given particular weight. D56 ¶ 22 – 25. In fact, Plaintiff Andreyuk had the authority to terminate employees based upon their workplace conduct. D56 ¶ 23. Furthermore, Plaintiff Andreyuk made recommendations to raise the wages of certain employees he supervised. D56 ¶ 26. Based upon the foregoing, it cannot reasonably be disputed that the third and fourth elements of the executive exemption have been established.

Plaintiff Andreyuk was at all times properly classified as a minimum wage and overtime exempt employee. Plaintiff Andreyuk is a *bonafide* executive employee, who, in addition to receiving a salary in excess of the minimum salary required, managed and oversaw Defendant ASF's yard located at 37 Roa Hook Rd., Cortlandt Manor, New York. Plaintiff Andreyuk's managerial duties included, but were not limited to, the direct supervision and control over

multiple full-time employees as well as oversight as to the individuals working for ASF. Therefore,

Plaintiff Andreyuk's claims for unpaid overtime under the FLSA and NYLL must be dismissed.

## B. Plaintiff Andreyuk's Wage Notice Claim must be Dismissed

Since April 9, 2011, NYLL § 195(1) has required that, at the time of hiring, employees be

notified of:

> "the rate or rates of pay and basis thereof, whether paid by the hour,
> shift, day, week, salary, piece, commission, or other; allowances, if
> any, claimed as part of the minimum wage, including tip, meal, or
> lodging allowances; the regular pay day designated by the employer
> in accordance with section one hundred ninety-one of this article;
> the name of the employer; any 'doing business as' names used by
> the employer; the physical address of the employer's main office or
> principal place of business, and a mailing address if different; the
> telephone number of the employer; plus such other information as
> the commissioner deems material and necessary."

NYLL § 195(1)(a). Defendants do not dispute they did not provide Plaintiff Andreyuk with such

a notice at his time of hire. However, Defendants must be entitled to the affirmative defense set

forth in NYLL 198(1-d). The statute provides:

> "In any action or administrative proceeding to recover damages for
> violation of subdivision three of section one hundred ninety-five of
> this article, it shall be an affirmative defense that (i) the employer
> made complete and timely payment of all wages due pursuant to this
> article or articles nineteen or nineteen-A of this chapter to the
> employee who was not provided statements as required by
> subdivision three of section one hundred ninety-five of this article
> or (ii) the employer reasonably believed in good faith that it was not
> required to provide the employee with statements pursuant to
> paragraph (e) of subdivision one of section one hundred ninety-five
> of this article."

NYLL § 198(1-d). Defendants must be afforded this affirmative defense because they made

complete and timely payment of all wages earned by Plaintiff Andreyuk. Plaintiff Andreyuk, a

minimum wage and overtime exempt employee, was paid on a weekly basis at his agreed upon

salary from his first date of employment through his final date of employment. D56 ¶ 28 – 29, Ex. 8.

## C. Plaintiff Andreyuk's Claim for Failure to Pay Wages must be Dismissed

As a third cause of action, Plaintiff Andreyuk alleges that Defendants failed to pay him his wages as required by NYLL 191. In support of this claim, Plaintiff Andreyuk alleges that Defendants failed to pay him his wages "as required by NYLL 191 by not paying [his] wages for years." Furthermore, Plaintiff Andreyuk asserts that Defendants willfully withheld his wages. However, Plaintiff Andreyuk's claim is not supported by the evidentiary record.

At the outset of his employment, Plaintiff was compensated in the form of cash on a weekly basis. However, beginning in or around February 2017, Plaintiff received a weekly paycheck every Wednesday. Ex. 8. A cursory review of Plaintiff Andreyuk's payroll history along with his sworn testimony regarding his receipt of a salary establishes that he received complete and timely payments of all wages to which he was entitled. Ex. 8. Furthermore, Plaintiff Andreyuk concedes he was paid for every week he worked. Plaintiff concedes he was always paid his salary and that it was overtime he was seeking in this litigation. However, as previously set forth herein, Plaintiff Andreyuk was exempt from the overtime and minimum wage requirements of the FLSA and NYLL. Plaintiff Andreyuk received all wages to which he was entitled and they were provided to him in a timely manner. Therefore, Plaintiff Andreyuk's claim for an alleged failure to pay wages must be dismissed.

## D. Plaintiff Fellippelli's Overtime, Minimum Wage, and Unpaid Wage Claims must be Dismissed

Plaintiff Fellippelli alleges in his unverified Amended Complaint that Defendants failed to pay him for all hours that he performed work. However, the evidentiary record proves he too received complete and timely payment for all wages to which he was entitled.

To succeed on his claim, Plaintiff Fellippelli "must 'provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.'" *Bonn-Wittingham v. Project OHR, Inc.*, 792 F. App'x 71, 75 (2d Cir. 2019) (*citing Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)). As the Second Circuit has admonished, "[a]llegations that an employee 'occasionally' or 'typically' missed breaks provides 'nothing but low-octane fuel for speculation, not the plausible claim that is required.'" *Id.* (*quoting Lundy v. Catholic Health Systems of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)). "Similarly, allegations that an employee 'regularly worked' more than forty hours per week are merely legal conclusions that constitute 'little more than a paraphrase of the statute' and cannot, standing alone, establish a plausible claim.'" *Id.* (*quoting DeJesus v. HF Management Services*, LLC, 726 F.3d 85, 89 (2d Cir. 2013)). Plaintiff Fellippelli, by and through his estate, is unable to establish he was not provided with minimum wages and overtime wages as required by the FLSA and NYLL.

Unlike Plaintiff Andreyuk, Plaintiff Fellippelli was not exempt from the minimum wage and overtime components of the FLSA and NYLL. Accordingly, Plaintiff Fellippelli received a regular rate of pay for hours worked up to forty (40) hours in a week and an overtime rate of pay equal to one and a half (1.5) of his regular rate of pay for hours worked in excess of forty (40) each week. D56 ¶ 47. From his hire on or about June 26, 2017, through January 17, 2019, Plaintiff Fellippelli was paid at a regular rate of $25.00 per hour and an overtime rate of $37.50 per hour. D56 ¶ 48. From January 17, 2019, through January 9, 2020, Plaintiff Fellippelli was paid at a regular rate of $30.00 per hour and an overtime rate of $45.00 per hour. D56 ¶ 49.

Plaintiff Fellippelli's hours worked were tracked through a biometric time tracking device. D56 ¶ 50. Defendant ASF maintains biometric time tracking devices at both its 37 Roa Hook Rd.,

Cortlandt Manor and 1223 Park Street, Peekskill locations D56 ¶ 51. Plaintiff Fellippelli punched in on the biometric time tracking device at the beginning of each workday D56 ¶ 52. Plaintiff Fellippelli punched out on the biometric time tracking device at the end of each workday D56 ¶ 53. No employee, including, but not limited to Plaintiff Fellippelli, has ever complained about the accuracy of the biometric time tracking devices. D56 ¶ 54. Plaintiff Fellippelli did not clock out for his meal break each day. D56 ¶ 56. Plaintiff Fellippelli received an unpaid meal break of thirty (30) minutes each day that he worked D56 ¶ 57. Plaintiff Fellippelli was occasionally paid in cash in addition to his paycheck D56 ¶ 60. Plaintiff Fellippelli requested that he be paid in cash for insurance purposes D56 ¶ 61. To the extent Plaintiff Fellippelli's hours worked were not reflected on his paystubs, those hours were paid to him in cash D56 ¶ 62. Plaintiff Fellippelli's paystubs demonstrate he was paid overtime when he worked in excess of forty (40) hours in a week. Ex. 5. In fact, Plaintiff Fellippelli's time and payroll records confirm that when he worked fifty-six (56) hours during the work week beginning on April 12, 2019 and ending on April 18, 2019, he received forty (40) hours of pay at his regular rate and sixteen (16) hours of pay at his overtime rate. Ex. 4 at ASF Set 1 000224, Ex. 5 at ASF Set 1 000032.

There exists no evidence refuting the evidence upon which Defendants rely in defense of Plaintiff Fellippelli's claims. Defendants produced in this litigation documentary evidence which reflects accurately the number of hours worked by Plaintiff Fellippelli along with corresponding payroll records. Ex. 4, Ex. 5. The evidence produced establishes Defendants properly paid Plaintiff Fellippelli at a rate higher than the minimum wage rate for all hours worked. Ex. 5. Furthermore, the evidence proves Defendants properly paid Plaintiff Fellippelli overtime wages during those workweeks when he worked in excess of forty (40) hours in a week. Ex. 5. As the Court is aware, Plaintiff Fellippelli passed during the pendency of this action. Prior to his passing, Plaintiff

Fellippelli did not provide sworn testimony, a sworn affidavit, or any other sworn writing regarding his allegations. Therefore, the only admissible evidence produced in this litigation relating to Plaintiff Fellippelli's hours worked and wages paid are his time and payroll records, along with the testimony of Defendant Fernandez and Ms. Simao. This evidence proves Plaintiff Fellippelli received complete and timely payments, including minimum wage and overtime wages, for all hours worked by Plaintiff Fellippelli for which he was entitled to payment.

**E.  Plaintiff Fellippelli's Wage Notice Claim must be Dismissed**

Plaintiff Fellippelli's Wage Notice claim must be dismissed. Similar to Plaintiff Andreyuk, Plaintiff Fellippelli received complete and timely payment of all wages to which he was entitled. Plaintiff Fellippelli's time and payroll records confirm that fact. Moreover, Plaintiff Fellippelli concedes in this litigation that he received occasional cash payments. Defendants maintain that any and all hours worked not reflected on Plaintiff Fellippelli's paystubs were paid to him in cash.

Defendants prove that they made complete and timely payments of all wages owed to Plaintiff Fellippelli.  Accordingly, Plaintiff Fellippelli's claim for failure to provide a wage notice must be dismissed.

## V.  <u>CONCLUSION</u>

The undisputed facts and circumstances of this litigation warrant an Order of Summary Judgment dismissing Plaintiffs' claims in their entirety. Plaintiff Andreyuk was at all times employed as a *bonafide* executive who was exempt from the overtime and minimum wage requirements of the FLSA and NYLL. As such, his claims arising under the FLSA and NYLL fail. Plaintiff Fellippelli's claims similarly fail. While Plaintiff Fellippelli was entitled to minimum and overtime wages for all hours worked, the undisputed evidence proves that Plaintiff Fellippelli received complete and timely payment for all hours worked. Therefore, Plaintiff Fellippelli's

13

claims arising under the FLSA and NYLL must also be dismissed. Accordingly, Defendants respectfully request that this Court enter an Order granting Defendants' Motion for Summary Judgment and dismiss Plaintiffs' Complaint in its entirety.

Dated: September 22, 2021
      Bohemia, New York

                        Respectfully submitted,

                        **ZABELL & COLLOTTA, P.C.**
                        *Attorneys for Defendants*

By:                    _____

                        Saul D. Zabell, Esq.
                        1 Corporate Drive, Suite 103
                        Bohemia, New York 11716
                        T: (631) 589-7242
                        F: (631) 563-7475
                        SZabell@laborlawsny.com